**Application of VALHALLA CEMETERY.**

**No. 38447.**

District Court, E. D. New York.

March 11, 1940.

Felix J. Cizmowski, of Jamaica, N. Y., for debtor.

Percival E. Jackson, of New York City, for respondent Ocean View—The Cemetery Beautiful, Inc.

MOSCOWITZ, District Judge.

Valhalla Cemetery, a membership corporation, has filed a petition under Chapter X of the Bankruptcy Act, 11 U.S.C.A. § 501 et seq. Ocean View—The Cemetery Beautiful, Inc., a creditor of Valhalla Burial Park, Inc., opposes an order approving the Valhalla Cemetery petition.

The only assets which the debtor claims that it has was by the alleged assignment by the Valhalla Burial Park, Inc., a New York stock corporation, of all its assets to the debtor.

It is unnecessary to consider the many questions raised in the briefs. Suffice to say that the attempted transfer of all the assets of the Valhalla Burial Park, Inc., to the debtor was void and of no effect. The Valhalla Burial Park, Inc., did not obtain the consent of any of its stockholders. Section 20 of the Stock Corporation Law of the State of New York, Consol. Laws, c. 59, requires consent of the holders of two-thirds of the corporate stock. The transfer was also a violation of Section 15 of the Stock Corporation Law and Article X, section 270 et seq., of the Debtor and Creditor Law of the State of New York, Consol.Laws, c. 12.

In view of the fact that the alleged transfer by Valhalla Burial Park, Inc., to the debtor was void and of no effect, Valhalla Cemetery has no assets whatever. This Court therefore cannot approve its petition.